UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-62684-LEIBOWITZ

EVAN J. EIZENGA,

    *Plaintiff,*

v.

MEDIALAB.AI INC., *et al.*,

    *Defendants.*
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's ("Eizenga" or "Plaintiff") Motion for Leave to Conduct Early Discovery to Identify Defendant Rain Drops Media ("the Motion") [ECF No. 7], filed on January 7, 2026. For the reasons set forth below, the Motion is granted.

## BACKGROUND

This is a defamation action in which Plaintiff, a private individual residing in Fort Lauderdale, Florida, alleges that an anonymous social media account and online "persona" known as Rain Drops Media published a defamatory video falsely suggesting that Plaintiff was an abusive partner who had had battered Monroe Capri Bryant, a young social media influencer. [ECF No. 7 at 2]. The video in question consists of a collage of other social media posts featuring Bryant and Plaintiff together along with captions that read "She needs to get off social media and take care of herself. This is sad bruh" and "Woman was punched and assaulted by her boyfriend, she claims he still loves her and insists they're 'good' after they both went live on social media to address it." https://x.com/Raindropsmedia1/status/1978531246121644260. One of Bryant's eyes is severely bruised, and Plaintiff can be seen attempting to kiss Bryant on the temple. *Id.* The video has been

viewed roughly four million times on the social media platform X and has been reposted and recirculated widely on other platforms, including by Defendant WorldStarHipHop.  *Id.*

Plaintiff asserts that his girlfriend's injuries were in fact caused by another individual who was arrested in Miami-Dade County, Florida, on charges of domestic battery and domestic violence in connection with the incident involving Bryant.  [ECF No. 1 ¶ 15].

## DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) generally prohibits a party from seeking discovery before the parties have conferred as required by Rule 26(f), "except . . . when authorized by . . . court order."  A court may authorize limited early discovery upon a showing of good cause, which may be found where the identity of an anonymous defendant is necessary for the case to proceed.  *Malibu Media, LLC v. Doe*, No. 14-20393-CIV-ALTONAGA, 2014 U.S. Dist. LEXIS 110582, at *4 (S.D. Fla. July 17, 2014).

When a plaintiff's claims implicate an anonymous defendant's speech, the court must consider whether authorizing discovery into the defendant's identity would violate the First Amendment. Although the First Amendment generally protects lawful anonymous speech, it does not provide a license to defame others or engage in other unprotected wrongful acts.  *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018); *Sterling v. De La Rosa*, No. 6:21-cv-723-PGB-NWH, 2025 U.S. Dist. LEXIS 255739, at *6 (M.D. Fla. Dec. 9, 2025).  Accordingly, courts employ a balancing test to weigh the defendant's qualified right to anonymity against the plaintiff's right to seek redress for the alleged wrongdoing, which considers the so-called *Sony Music* factors:

> (1) Has the plaintiff made a concrete showing of a prima facie claim of actionable harm?; (2) Is the discovery request narrowly tailored and specific enough to be reasonably likely to lead to identifying information about the defendant?; (3) Are there alternative means to obtain the information besides the requested discovery?; (4) Is the information sought central to advancing the plaintiff's claim, such that the lawsuit cannot proceed without it?; and (5) Does the defendant have a reasonable expectation of privacy in the requested information, and how strong is that interest given the specific facts?

*Sony Music Entertainment Inc. v. Does 1–40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004); Arista Records, 604 F.3d 110 (affirming denial of motion to quash subpoena served on internet service provider after application of *Sony Music* factors); *see also Strike 3 Holdings, Ltd. Liab. Co. v. Doe*, No. 22-cv-62152, 2022 U.S. Dist. LEXIS 222478, at *2 (S.D. Fla. Dec. 9, 2022) (applying *Sony Music* factors); *M. C. & C.M. v. Geiger*, No. 6:18-cv-1486-Orl-41TBS, 2018 U.S. Dist. LEXIS 224548, at *2 (M.D. Fla. Nov. 21, 2018) (same). Permitting discovery into an anonymous defendant's identity upon a showing of good cause is "routine" and has been authorized in an "overwhelming number of cases." *Arista Recs. LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008).

Having reviewed the Complaint and Plaintiff's briefing on this issue, the Court finds that Plaintiff has demonstrated good cause and satisfied the *Sony Music* factors; accordingly, the Court will authorize limited early discovery into Rain Drops Media's identity. Plaintiff's detailed complaint makes out a *prima facie* case of defamation; Plaintiff seeks limited information concerning Defendants' identity; Plaintiff has convincingly argued that he has exhausted other means of obtaining the required information; the information itself is central to the lawsuit, which cannot proceed in its absence; and, finally, Defendant's privacy interest is minimal. Where, as here, a defendant operates as a content aggregator, First Amendment concerns are minimal. *AF Holdings, LLC v. Does 1-162*, No. 11-23036-CIV, 2012 WL 488217, at *3 (S.D. Fla. Feb. 14, 2012) (Scola, J.) ("As other federal courts have found too, individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such persons' identities from disclosure.") (citing *Call of the Wild Movie, LLC v. Does 1–1062*, 770 F.Supp.2d 332, 349–54 (D.D.C.2011)). Moreover, Plaintiff represents that it will seek narrowly tailored discovery into "information that the Doe Defendant freely provided" to X Corp. and Meta Platforms, Inc., which is entitled only to limited First Amendment protection. *Id.*; [ECF No. 7 at 9 ("Plaintiff will request documents sufficient to disclose the name, physical address, telephone number, email address, and IP

address logs associated with the account username @RainDropsMedia1 (and any equivalent Rain Drops Media account on Meta's platforms)."). "As courts have routinely held, 'Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to" third parties. *Id.* (quoting *Doe v. S.E.C.,* 2011 WL 4593181, at *3 (N.D.Cal. Oct.4, 2011)).

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Motion [ECF No. 7] is **GRANTED**.

1. Plaintiff may conduct limited pre-Rule-26(f) discovery to ascertain the identity of the Defendant operating under the pseudonym "Rain Drops Media."

2. Plaintiff may serve a Rule 45 subpoena upon X Corp. (as successor to Twitter, Inc.) requiring production of documents sufficient to identify the user of the X/Twitter account with the handle @RainDropsMedia1 (also known as "Rain Drops Media"). Such identifying information shall be limited to the account's subscriber data and registration information, including the name(s), street address, e-mail address, telephone number, and connection logs/IP address information associated with the account. X Corp. shall not disclose any content of communications (such as the substance of tweets or messages) in response to the subpoena, as content is not authorized to be released under this Order.

3. Plaintiff may serve a Rule 45 subpoena upon Meta Platforms, Inc. (the parent company of Facebook, Instagram, and Threads) for the limited purpose of obtaining subscriber identification records for the "Rain Drops Media" account(s) on any Meta-owned platform. This includes any Instagram, Facebook, or Threads account held by the user known as "Rain Drops Media" or using the handle @RainDropsMedia1 (or a similar identifier). Meta is commanded to produce documents sufficient to disclose the name, address, email, telephone number, and IP logs associated with such account(s), in accordance with the terms of this

    Order. Meta shall not disclose any content of any user communications (posts, messages, etc.) pursuant to this Order.

4. To the extent either X Corp. or Meta Platforms, Inc. requires a court order to release the requested information consistent with the Stored Communications Act or other privacy laws, this Order shall serve as such court authorization.  The subpoenas shall be deemed issued pursuant to this Court's authority.  Each subpoenaed entity may provide notice to the account holder (Rain Drops Media) prior to producing the information, and shall wait a reasonable period (not to exceed 14 days from notice) if so required by law or policy to allow for any objection or motion to quash.  If neither the subscriber nor the companies themselves object within such time, the company shall promptly produce the responsive records to Plaintiff's counsel.

5. Any information disclosed to Plaintiff in response to the subpoenas may be used by Plaintiff solely for the purposes of this litigation.  Plaintiff shall handle any personal identifying information received in a manner consistent with privacy protections and shall not publicly disclose such information beyond what is necessary for the case (for example, in an amended complaint filed under seal if appropriate, until a further order of the Court directs otherwise).

6. Plaintiff shall issue the approved subpoenas within 14 days of this Order.  The subpoena recipients (X Corp. and Meta Platforms, Inc.) shall preserve the requested account records upon receipt of the subpoenas and shall produce the information within thirty (30) days thereafter, subject to any extensions agreed to by Plaintiff or ordered by the Court.

7. Plaintiff is granted leave to immediately file an amended complaint under Federal Rule of Civil Procedure 15(a) to name the newly identified defendant once the information is obtained, and to thereafter effect service of process on that defendant.  The Court retains jurisdiction to

issue additional orders as needed to enforce this Order and to adjust the discovery schedule as appropriate once the defendant is identified.

**DONE AND ORDERED** in the Southern District of Florida on January 8, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record