**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-62684-LEIBOWITZ**

**EVAN J. EIZENGA,**

*Plaintiff*,

*v.*

**MEDIALAB.AI INC., *et al.*,**

*Defendants.*
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Defendant Medialab.AI Inc.'s Renewed Motion to Dismiss, or Alternatively for Leave to Amend ("the Motion") [ECF No. 30].

On December 29, 2025, Plaintiff Evan J. Eizenga filed this defamation action against Defendant MediaLab.AI Inc. d/b/a WorldStarHipHop ("WorldStar" or "Defendant") and Derran L. Brown. [ECF No. 1]. On February 9, 2026, Defendant moved to dismiss the Complaint. [ECF No. 10]. Plaintiff thereafter filed an Amended Complaint on February 18, 2026 [ECF No. 11], followed the next day by a Corrected Amended Complaint [ECF No. 13], and the Court accordingly denied Defendant's first motion to dismiss as moot. [ECF No. 12].

On March 6, 2026, Defendant filed its Renewed Motion to Dismiss Plaintiff's Amended Complaint ("the Renewed Motion to Dismiss") [ECF No. 17], which was fully briefed by the parties. [*See* ECF Nos. 18, 23]. On May 11, 2026, the Court entered an order ("the Dismissal Order") granting the Renewed Motion to Dismiss and dismissed the Corrected Amended Complaint with prejudice as to Defendant. [ECF No. 27]. The Court concluded that Defendant was entitled to immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), finding

that: (1) Defendant acted as a provider of an interactive computer service; (2) the underlying video and caption originated with Rain Drops, an independent information content provider; and (3) Defendant's additions to the content at issue neither substantively altered the content nor materially contributed to its alleged illegality. [ECF No. 27 at 6–9]. On May 14, 2026, Plaintiff filed the instant Motion seeking reconsideration of the Court's Dismissal Order or, in the alternative, leave to file a second amended complaint. [ECF No. 30]. Defendant filed its response in opposition on May 28, 2026. [ECF No. 35]. Plaintiff did not file a reply within the time permitted under the Local Rules or move for an extension of time to do so.

Courts have generally recognized three grounds for reconsidering a court order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.") (quoting *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)); *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citations omitted); *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.").

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should give leave to amend

freely "when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.*

Having considered Plaintiff's alternative argument that WorldStar's cross-platform posts[1] and the captions and other paratextual material associated therewith may present a distinct factual posture from the publication on Defendant's own website, the Court cannot conclude that amendment would be futile and accordingly finds that amendment is appropriate in service of the just resolution of this action. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

In addition to any deficiencies identified in the Court's order dismissing the Corrected Amended Complaint, the Court would expect a second amended complaint to allege, with particularity and on a publication-by-publication basis, the precise words and material Defendant itself published, the manner in which they differ from Brown's post, and whether Defendant's contributions to each publication consisted of edits to the underlying video itself or were limited to paratextual material such as headlines, captions, or tags.

[1] Although the cross-platform allegations frame Defendant as a user, rather than a provider, of the interactive computer services on which it republished the challenged content [ECF No. 30 at 8–10], that distinction does not necessarily alter the Section 230 immunity framework. The statute by its terms extends immunity to both providers and users of interactive computer services. 47 U.S.C. § 230(c)(1); *see Woodhull Freedom Found. v. United States*, 72 F.4th 1286, 1293 n.1 (D.C. Cir. 2023) ("Section 230 also immunizes users of those same computer services."). While the Court does not now decide whether any content attributable to Defendant materially contributed to the alleged unlawfulness of the underlying content, Plaintiff *may* be able to make such a showing, which is all that is required to succeed on a motion seeking leave to amend.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 30**] is **GRANTED IN PART**. Plaintiff has leave to file a second amended complaint no later than September 10, 2026. The Motion is otherwise **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on August 27, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record